

FILED
LODGED
RECEIVED

**MAIL**

**JUL 20 2002**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

_____ FILED       _____ ENTERED
_____ LODGED      _____ RECEIVED

**SEP 19 2002** DM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                    DEPUTY

Leon S. Blatt

**(Name of Plaintiff)**

vs.

City of Seattle;
Arthur Wallerstein;
Mark Sidran,
Jean Rietschel;
Fred Bonner;
A. Rains;
Jane Doe Halpert

**(Names of Defendants)**

**CIVIL RIGHTS COMPLAINT
BY A PRISONER UNDER 42
U.S.C. § 1983**

## I. Previous Lawsuits·

A. Have you brought any other lawsuits in any federal court in the United States while a prisoner·

☐ Yes        ☐ No

B  If your answer to A is yes, how many?: _____ Describe the lawsuit in the space below  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1  Parties to this previous lawsuit:

Plaintiff _____

Defendants _____

CV 02-01460 #00000005

5

2  Court (give name of District)

_____

3. Docket Number _____

4. Name of judge to whom case was assigned _____

5. Disposition (For example: Was the case dismissed as frivolous or for failure to state a claim?  Was it appealed?  Is it still pending?)

_____

6. Approximate date of filing lawsuit _____

7. Approximate date of disposition _____

## II.  Place of Present Confinement _____

A. Is there a prisoner grievance procedure available at this institution?      ☐ Yes         ☐ No

B  Have you filed any grievances concerning the facts relating to this complaint?

☐ Yes          ☐ No

If your answer is NO, explain why not _____

_____

C. Is the grievance process completed?                    ☐ Yes         ☐ No

If your answer is YES, **ATTACH A COPY OF THE __FINAL__ GRIEVANCE RESOLUTION for any grievance concerning facts relating to this case.**

## III  Parties to this Complaint

A. Name of Plaintiff _____ Inmate No : _____

Address _____

(In Item B below, place the full name of the defendant, his/her official position, and his/her place of employment.  Use item C for the names, positions and places of employment of any additional defendants  Attach additional sheets if necessary.)

B  Defendant _____; official position _____,
place of employment _____

2

C   Additional defendants _____

_____

_____

_____

## IV   Statement of Claim

(State here as briefly as possible the <u>facts</u> of your case   Describe how each defendant is involved, including dates, places, and other persons involved.   <u>Do not give any legal arguments or cite any cases or statutes</u>   If you allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.)

## V  Relief

(State briefly exactly what you want the court to do for you  Make no legal arguments  Cite no cases or statutes )

_____   _____
_____   _____
_____   _____
_____   _____
_____   _____
_____   _____

I declare under penalty of perjury that the foregoing is true and correct

Signed this _____ day of _____, 19_____.


_____
(Signature of Plaintiff)

4

MAIL

JUL 2 0 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Leon S. Blatt

v.
City of Seattle, Arthur Wallenstein
Jean Rietschel,

CIVIL RIGHTS COMPLAINT
48 USC 1983 - 1988
28 USC 1331, 1343

STATE OF WASHINGTON )
                    ) ss: AFFIDAVIT OF LEON S. BLATT   May 24, 1999
COUNTY OF KING      )

I, Leon Sabra Blatt, state the following first-hand knowledge facts:

1.  On or about October 31, 1998, I was pulled over by police and told to appear in Seattle Municipal Court for driving while license suspended 3° (DWLS III).

2.  When my name was called in court, I informed the judge that I was not represented -- neither by an attorney nor by my self -- and that I was not appearing generally but specially, in propria persona, to enter a plea in abatement (demurrer).  I asked the court to order my accuser to produce the following:

          a) a valid copy of the charging instrument;
          b) apprisal of the nature and cause of action; and
          c) appointment of assistance of counsel (not representation).

3.  The judge (name unknown) refused all of the above without explan-

AFFIDAVIT OF LEON S. BLATT   - 1                    Leon S. Blatt

3. The judge (JOHN DOE #1) refused to provide any of the above inform-
ation as required by Article VI of the Bill of Rights.  The denial was with-
explanation or comment.  I was allowed to go home without notice to return.

4.  On December 12, 1999, judge JOHN DOE #1 or #2 acting in concert
with his court clerk SLE (according to docket) issued a false order for my
arrest for failure to appear after written promise.  However, I never sub-
mitted a written promise to appear.  Nor was I ever given any notice to ap-
pear.  CrRLJ 2.5.

5.  On January 1, 1999, police kidnapped me under the fraudulent war-
rent.  I was taken back to jailer ARTHUR WALLENSTEIN who accepted me from
police without verifying the existence or validity of the purported warrant.

6.  On or about January 4, 1999, I was taken from my cell to judge
JUDITH HIGHTOWER.  I timely noticed her of the violation of CrRLJ 2.5 and
warned her that the court was attempting to proceed without jurisdiction.
I again asked the judge to order the prosecutor to provide me with a valid
complaint and to be informed of the nature and cause of action.  The judge
ignored me.

7.  I asked the prosecutor ROBERT MURASHIGE for the same, but he ignored
me as well.  My demands were timely, clear, direct, and repeated.  I asked
the court to allow me access to law books so that I might find these answers
myself.  This request was ignored too.

8.  JUDITH HIGHTOWER demanded extortion in the amount of $500.00.

9.  For the next twenty-four days, unable to pay this ransom, I was
confined and denied access to law books by ARTHUR WALLENSTEIN.

10.  While confined, I sent ARTHUR WALLENSTEIN'S staff over a dozen
written messages ("kites") requesting legal materials so that I might be

AFFIDAVIT OF LEON S. BLATT    - 2                    Leon S. Blatt #29791-086

written messages ("kites") requesting access to legal materials so I could defend myself. My requests were denied.

11. On January 25, 1999, assistant prosecutor Michelle Slotemaker and judge ELSIE DURHAM or judge JANE DOE HALPERT had me brought before them. I again noticed the court of the deficiencies, including violations of CrRLJ 2.1 and 3.2.1(e)(1)(i), and that the court was attempting to proceed in the clear absence of jurisdiction. The judge ordered me released "on your own recognizance." When I reminded the court that I had never offered my recognizance, she threatened me with physical violence, saying I had better appear on February 12 or the court would issue another warrant.

12. On February 12, 1999, judge JEAN RIETSCHEL denied me the due process demanded in 1. (a-c), refused to allow me to enter a plea (demurrer), refused for acceptance a copy of this complaint (despite JUDITH HIGHTOWER'S directive to "put all communications in writing."), refused to allow me to address the court, and attempted to proceed in the resulting absence of jurisdiction.

13. JEAN RIETSCHEL set a court date for February 18, 1999, and ordered me released on my own recognizance. When I reminded RIETSCHEL that I had never offered the court my recognizance, she threatened me with physical violence (i.e. issuance of another bogus bench warrant.)

14. On February 18, 1999, at 8:30 A.M., I returned to the court and signed in with the clerk. I waited in court all day but my name was never called. I had made my presence known to the judge's clerk, the court clerk, and the prosecutor -- all three said they did not know if or when I would be called. I left at the end of the court day.

AFFIDAVIT OF LEON S. BLATT        - 3

Leon S. Blatt #29791-086
FDC Seatac, POB 13900
Seattle, WA 98198-1090

15. On February 19, 1999 (the next day), I was kidnapped by police for "failing to appear on February 18" and falsely imprisoned by ARTHUR WALLENSTEIN again.

16. I was brought before judge FRED BONNER. I noticed him of the foregoing in full and his duty to discharge me. FRED BONNER ignored the law and demanded more extortion money, and set another court date.

17. When I was bailed out, I immediately began preparing this civil complaint. (I had already filed a claim for damages with the Seattle Office of Risk Management on February 12, 1999.)

18. I returned to court on the date FRED BONNER had set, and served him with a draft copy of this civil rights complaint. He set another court date -- April 27 -- and ordered me out of the courtroom.

19. On April 27, 1999, I returned to the court with a process server and served FRED BONNER with a copy of a complaint I had filed with the U.S. Attorney. FRED BONNER exploded in anger and had me expelled from the court-room: guards violently grabbed me before I could even gather my papers from the counsel table. They shoved me out the door saying, "Do not go back in there!"

20. I re-entered the courtroom immediately to retrieve my papers, but they had been removed and ensconced. I demanded my papers back. After ten minutes FRED BONNER'S clerk returned (from the photocopier?) with my papers. Before leaving, I asked if there was to be another court date. I was ignored. At no time did anyone tell me to return. To the contrary I had been kicked out and told not to return.

21. On or about May 18, 1999, I was arrested for failing to appear for

AFFIDAVIT OF LEON S. BLATT     - 4

Leon S. Blatt #29791-086
FDC Seatac, POB 13900
Seattle, WA 98198-1090

1  a hearing FRED BONNER purportedly had set.  ARTHUR WALLENSTEIN again falsely

2  imprisoned me without a capias, mittimus papers, warrant, or other authority.

3    22.  I was held by ARTHUR WALLENSTEIN, the CITY OF SEATTLE, and FRED

4  BONNER for two more months, being denied access to legal materials.

5    23.  FRED BONNER had set a an extortion demand of $20,950.00 dollars --

6  twenty times beyond the standard range set for DWLS 3° by the CrRLJ.

7    24.  Neither Risk Management nor Fred Bonner ever responded to my

8  claims for damages.

9    25.  As of May 18, 1999, I was held harassed for 200 days in violation of

10  State and federal laws and the state and federal constitutions. Local rules

11  require trial within 80 days of arraignment.

12    26. On or about May 20, 1999, I was brought before judge JOHN

13  DOE RAINS who demanded the outrageous $20,950.00 for my

14  freedom

15    27. At this hearing, the prosecutor, to support the demand for

16  $20,950, approached the bench and had an exparte word with the

17  JOHN DOE RAINS, The prosecutor slipped RAINS a secret paper from

18  her/his file. I was not allowed to hear or see it, despite my demands.

19  The file in question was not the official court file — it was the

20  prosecutor's file.

21    28. On June 11, 1999 when all parties were put on notice

22  by filing this complaint with the court.

23    29. On June 14 they were again noticed.

24  I certify under the penalty of perjury, that the foregoing is

25  true to the best of my knowledge.

                7/18/02        Leon A. Blatt

UNITED STATES DISTRICT COURT — WESTERN DISTRICT OF
WASHINGTON — SEATTLE

1  Leon Sabra Blatt
~~c/o 4449 Interlake Ave #153~~
2  ~~Seattle, Washington~~
~~non-domestic 98103~~

3

LOGGED / RECEIVED   MAIL

JUL 17 2002

4

AT SEATTLE
CLERK US DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

5  Leon Sabra Blatt,

6          Plaintiff,          C02-1460 R

7          vs

CIVIL RIGHTS COMPLAINT

8  CITY OF SEATTLE (a municipal corporation),

42 USC 1983, 1985, 1986, 1988
28 USC 1343(3), 1331

9  JUDITH HIGHTOWER (officially and as a person),

SEE RELATED CASE: Purported Seattle
Municipal Court cause number 347585

10  ELSIE DURHAM (officially and as a person),

11  JEAN RIETSCHEL (officially and as a person),

12  ROBERT MURASHIGE (officially and as a person),

13  MICHELLE SLOTEMAKER (officially and as a person),

14  JANE/JOHN DOE #1 (officially and as a person),
    JOHN DOE #2 (officially and as a person),

15          Defendants.

16

17

18

19

20

21

22

23

24

25  * = The other defendants and the SMC records section
    decline to disclose identity of Jane/John Doe #1 despite this plaintiffs
    requests

CIVIL RIGHTS COMPLAINT          - 1

Leon S. Blatt #29791-086
FDC Seatac, POB 13900
Seattle, WA 98198-1090

## INTRODUCTORY STATEMENT

This is an action for damages sustained by the plaintiff and caused by persons, state actors and state officials acting independently and in concert, both jointly and severally in multiple causes of actions, as they operated under color of law with malice in Law and were violative of the Plaintiff's substantive inalienable rights as enumerated in the Bill of Rights articles 4,5,6,9, 13,14, amendments to the Constitution for the united States of America.

The herein described persons/defendants have been compensated, rewarded and unjustly enriched while engaged in violations of state laws, federal laws, federal. Civil Rights Acts and their Oaths of office. The defendants operating under color of state law as a matter of custom and policy, acting in concert, did commit multiple wanton acts either actual or by omission upon the plaintiff. Said deliberate, malicious and unreasonable acts, which are shocking to the conscience of any reasonable person, are perpetrated/committed upon the plaintiff without probable cause, without warrants, without exigent circumstances and they include the following vexatious acts: religious persecution; criminal trespass; kidnapping; unlawful distraint; unlawful and forceful search; unlawful seizure; unlawful imprisonment; malicious prosecution; deprivation of due process; deprivation of liberty; deprivation of private property; deprivation of privacy, involuntary servitude; state torts over which this court has pendant jurisdiciton.

Said actual willful, voluntary and knowingly committed crimes against the plaintiff/victim are causing intentional damages consisting of financial loss, physiological and psychological injuries and mental anguish, pain and suffering, loss of friends, family, spousal companionship, loss of sense of welfare, defamation of plaintiffs' honorable character and good reputation and standing in the community.

The persons/defendants knew or should have known they were violating their oaths of office, acting outside the scope and purview

CIVIL RIGHTS COMPLAINT

- 2

Leon S. Blatt #29791-086
FDC Seatac, POB 13900
Seattle, WA 98198-1090

1  of clearly established Law, with wanton deprivation and disregard of
2  the plaintiff's rights of liberty, welfare, right of property, and the
3  peaceful enjoyments of its use. The defendants knew or should have
   known that their wanton acts and omissions would cause damages of a
4  great magnitude to the plaintiff/victim. The defendants have caused
5  the Plaintiff to suffer and the plaintiff continues to suffer.

6                          **STATEMENT OF FACTS**

7
8      1. On or about December 12, 1998, defendant   Jane / John Doe #1
   unlawfully and violently stalked the plaintiff by ordering the court
9  clerk of the Seattle Municipal Court, defendant   "S L E." according to docket
10 to cause to be issued a capias falsely purporting to be a valid bench
   warrant for the capture of the plaintiff herein  The two defendants
11 knew or should have known that a valid capias could not issue unless
12 "the defendant has promised in writing to appear" or "has otherwise
   received notice to appear" as clearly spelled out in rule CrRLJ 2.5,
13 and that the plaintiff herein neither promised nor received notice to
14 appear anywhere.

15     2. On January 1, 1999, the plaintiff herein was violently
16 kidnapped under the fraudulent capias. He was abducted from his car
   and put in chains at his wrists and humiliated in public. He was
17 locked in a cage and denied sleep for nearly 24 hours.

18     3. On or about January 4, 1999, the plaintiff herein was taken by
19 force before judge Judith Hightower. He timely noticed defendant
   Hightower of the violation of CrRLJ 2 5 and informed her that willful
20 denial of due process would give rise to this lawsuit. The plaintiff
21 herein demanded to be discharged. Defendant Hightower elected to
   ignore notice and proceed without jurisdiction.
22
       4. Defendant assistant prosecutor   Robert Murashige      conspired
23 with defendant Hightower to deny due process rights to the Plaintiff
24 herein by proceeding in a criminal prosecution without providing the
   alleged accused with a criminal complaint and keeping from him
25 information on the nature and cause of action. Hightower ignored the
   accused's clear, direct and repeated demands for basic information on

CIVIL RIGHTS COMPLAINT                3          Leon S. Blatt #29791-086
                                                 FDC Seatac, POB 13900
                                                 Seattle, WA 98198-1090

1   the nature and cause of action of the ostensible action against him.

2   Ignored/denied were the accused's request that the prosecutor disclose

3   the type of jurisdiction under which the purported action had been

    brought. Ignored/denied were the accused's demand to be allowed

4   meaningful access to law library material so that he may educate

5   *himself* on the said nature and cause. Violation of CrRLJ 3.2.1.(e)(i)(i); "shall orally inform the accused of the nature..." L.S.B.

        5. Plaintiff was held hostage on a $500.00 ransom demand for 24

6   days. During this time he sent multiple notes to his captors and to

7   the Seattle Municipal Court requesting law library materials. ~~Please~~

8   ~~see attached copies of those communications, marked as Exhibit A.~~

        6. On January 25, 1999, defendants judge Elsie Durham and

9   assistant prosecutor Michelle Slotempaker were noticed by the plaintiff

10  herein of the courts' violation of CrRLJ 2.5, latches and that due

11  process requirements precluded the prosecutor from proceeding against

    the accused. They knew or should have known that they were violating

12  clearly established law. Defendant Durham falsely appointed a public defender to speak for the plaintiff herein against his expressed objections. She also refused to disclose nature of action.

13      7. On February 12, 1999, defendant judge _____ Jean Rietschel

    joined the above-listed defendants in this action by the following

14  acts: 1. Refused this plaintiffs' request to be allowed to enter a plea; (demurrer);

15  speak as himself without representation; to accept receipt for filing into

16  the court record a copy of this complaint with affidavit and written plea. This

    despite defendant Hightowers' directive to put all communications in writing. 2. Proceeded in

17  absence of jurisdiction.
        8. ~~On~~ _____ 1999, ~~defendant prosecutor~~ _____

18  ~~joined the above-listed defendants in this action by the following~~

19  ~~acts:~~ _____ APPLICABLE TIME

20      NOT APPLICABLE THIS
                        AT

21  8, On or about July 18, 1999, another unknown SMC judge issued a caplas in violation of CrR 2.5, resulting in this plaintiffs' arrest and false imprisonment on or about July 19, 1999 (the next day)
        9. Plaintiff was deprived of substantive constitutionally

22  protected and inalienable rights (i.e. amendments 4, 5, 6, 13 and 14

23  to the constitution for the united States of America).

24      10. Plaintiff has been damaged and injured by the defendants.

        11. Defendants have violated their oaths of office

25      12. Defendants have violated the federal and state constitutions

    and the provisions of their job descriptions.

                                    Leon S. Blatt #29791-086
                                    FDC Seatac, POB 13900
    CIVIL RIGHTS COMPLAINT          - 4        Seattle, WA 98198-1090

1

2                    **FEDERAL CAUSES OF ACTION**

3       1. Leon Blatt was searched in violation of the fourth article of

4    amendment.

5       2. Leon Blatt was seized in violation of the fourth article.

        3. Leon Blatt was seized in violation of the fifth article.

6       4. Leon Blatt was imprisoned in violation of the fifth article.

7       5. Leon Blatt was forced under a condition of peonage for failing

     to surrender a right in exchange for a privilege in violation of the
8    thirteenth. (Right to travel in an automobile for privilege of operating a motor vehicle)

9       6. Leon Blatt was imprisoned in violation of the fourteenth.

10      7. Leon Blatt was denied knowledge of nature of action against

     him in violation of the sixth, and 14th.
11
        8. Leon Blatt's property was searched in violation of the fourth.
12      9. Leon Blatt's property was seized in violation of the fourth

13      10.  Leon Blatt's property was searched in violation of the
     fourteenth, and fourth.
14            All of the above through the fourteenth.

15                          **CONCLUSION**

16
        The Plaintiff/victim is entitled to a reasonable expectation
17   that he has the right to enjoy his privacy, to own private property,

18   to travel freely as long as he doesn't hurt another or deprive another

19   of rights or property, to the pursuit of happiness, and the blessings

     of liberty, that his person and private property be secure from
20   unlawful search and seizure, that he has the right of welfare, and

21   self-determination, that he has the right to receive due process, and

22   equal protection of the law. The Plaintiff/victim is owed monetary and

     other relief for the damages and suffering caused by the defendants.
23

24      [prayer]:  I demand the following: monetary damages, Attorneys

     fees, declaratory judgment against all defendants ordering equitable
25   relief in the form of a permanent injunction to abate and desist

     quasi-judicial and de facto actions and proceedings against the

                                                    Leon S. Blatt #29791-086
                                          5         FDC Seatac, POB 13900
     CIVIL RIGHTS COMPLAINT                          Seattle, WA 98198-1090

Plaintiff that would cause deprivation of substantive rights causing
irreparable harm.

### LEDGER SETTING FORTH MONETARY DAMAGES

The acts of the defendants were criminal in nature and were committed with aggravated circumstances due to their holding of the public trust and in violation of their official oaths. 18 USC 241 prescribes criminal monetary penalties for acts committed in concert with those of other defendants, as these acts were. The statute values such violations at $10,000 per count per actor. The plaintiff/claimant herein was confined unlawfully for 24 days, suffering damages in the amount of $1,440,000.00.

The undersigned certifies under the penalty of perjury that the foregoing is true, correct, certain, not misleading, and is materially relevant, in Seattle. Dated this 12th day of February, 1999

7/11/02   Leon A. Blatt   Leon A. Blatt

I, Leon Blatt, hereby certify that the foregoing is true and correct to the best of my knowledge under the penalty of perjury.  DONE in Seatac this 11th day of July, 2002, before the undersigned witnesses:

Leon A. Blatt
_____
Leon S. Blatt

_____
Witness #1 signature

_____
Witness #2 signature

Marciano Ellis
_____
Witness #1 print name

Casey Anders
_____
Witness #2 print name

| WHERE A BAIL AMOUNT IS SHOWN, THE BREAKDOWN IS | | BAIL | 60% PSEA | 30% PSEA | TOTAL |
|---|---|---|---|---|---|
| 480-12-205 | Unauthorized Passenger in Vehicle | 25 | 15 | 7 | 47 |
| 480-12-210 | Failure to Display Commission Approved Lease | 50 | 30 | 15 | 95 |
| 480-12-260 | Failure to Display Bill of Lading/Shipping Document | 50 | 30 | 15 | 95 |
| 480-12-321 | Failure to File Log Road Classification | 50 | 30 | 15 | 95 |
| 81.90.030 | Certificate Required (Mandatory Appearance) | | | | 500 |
| 81.90 140 | Failure to Register Interstate | | | | |
| 480-35-110 | Authority | 80 | 48 | 24 | 152 |
| 480-35-120 | Failure to Display Valid Identification Decal | 50 | 30 | 15 | 95 |

[Amended effective November 17, 1989, September 1, 1991; September 1, 1992; June 25, 1993, May 1, 1994, September 1, 1994.]

## RULE 3.2.1  PROCEEDINGS BEFORE THE JUDGE—PROCEDURE FOLLOWING EXECUTION OF A WARRANT OR ARREST WITHOUT A WARRANT—PROBABLE CAUSE FOR DETERMINATION—BAIL—PRELIMINARY HEARING

**(a) Probable Cause Determination.** A person who is arrested shall have a judicial determination of probable cause no later than 48 hours following the person's arrest, unless probable cause has been determined prior to such arrest.

**(b) How Determined.** The court shall determine probable cause on the sworn testimony of a peace officer or prosecuting authority. The sworn testimony may be by written affidavit or may be electronically or telephonically recorded, and in any case the testimony shall be preserved.

**(c) Court Days.** For the purpose of section (a) Saturday, Sunday and holidays may be considered judicial days.

**(d) Preliminary Appearance.** Is to accuse.

(1) *Adult.* Unless an accused has appeared or will appear before the superior court for a preliminary appearance, any accused detained in jail must be brought before a court of limited jurisdiction as soon as practicable after the detention is commenced, but in any event before the close of business on the next court day.

(2) *Juveniles.* Unless an accused has appeared or will appear before the superior court for a preliminary appearance, any accused in whose case the juvenile court has entered a written order declining jurisdiction and who is detained in custody, must be brought before a court of limited jurisdiction as soon as practicable after the juvenile court order is entered, but in any event before the close of business on the next court day

(3) *Unavailability*  If an accused is unavailable for

disability, the court may, for good cause shown and recorded by the court, enlarge the time prior to preliminary appearance

**(e) Procedure at Preliminary Appearance.**

(1) At the preliminary appearance, the court shall provide for a lawyer pursuant to rule 3 1 and for pretrial release pursuant to rule 3.2, and the court shall orally inform the accused

(i) of the nature of the charge against the accused;

(ii) of the right to be assisted by a lawyer at every stage of the proceedings; and

(iii) of the right to remain silent, and that anything the accused says may be used against him or her.

(2) If the court finds that release should be denied or that conditions should attach to release on personal recognizance, other than the promise to appear in court at subsequent hearings, the court shall proceed to determine whether probable cause exists to believe that the accused committed the offense charged, unless this determination has previously been made by a court.  Before making the determination, the court may consider affidavits filed or sworn testimony and further may examine under oath the affiant and any witnesses he or she may produce.  Subject to constitutional limitations, the finding of probable cause may be based on evidence which is hearsay in whole or in part.

**(f) Time Limits.**

(1) Unless a written complaint is filed or the accused consents in writing or on the record in open court, an accused, following a preliminary appearance, shall not be detained in jail or subjected to conditions of release for more than 72 hours after the accused's detention in jail or release on conditions, whichever occurs first.  Computation of the 72-hour period shall not include any part of Saturdays, Sundays, or holi-

**RULE 2.5 PROCEDURE ON FAILURE TO OBEY CITATION AND NOTICE**

The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to appear before the court, either in person or by a lawyer, in answer to a citation and notice, or an order of the court, upon which the defendant has promised in writing to appear, or of which the defendant has otherwise received notice to appear, if the sentence for the offense charged may include confinement in jail. [Amended effective September 1, 1991.]

**DEFENDANTS**

**(c) Explaining the Availability of a Lawyer.**

(1) When a person has been arrested he or she shall as soon as practicable be advised of the right to a lawyer. Such advice shall be made in words easily understood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge

(2) At the earliest opportunity a person in custody who desires a lawyer shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer.

**(a) Release in Noncapital Cases.** Any person, other than a person charged with a capital offense, shall at the preliminary appearance or reappearance pursuant to rule 3.2.1 be ordered released on the accused's personal recognizance pending trial unless the court determines that such recognizance will not reasonably assure the accused's appearance, when required, or if there is shown a likely danger that the accused will commit a violent crime, or that the accused will seek to intimidate witnesses, or otherwise unlawfully interfere with the administration of justice. For the purpose of this rule, "violent crimes" may include misdemeanors and gross misdemeanors and are not limited to crimes defined as violent offenses in RCW 9.94A.030. If the court finds that release without bail should be denied or that conditions should attach to the release on personal recognizance, other than the promise to appear for trial, the court shall proceed to determine whether probable cause exists to believe that the accused committed the offense charged, unless this determination has previously been made by a court. Before making the determination, the court may consider any affidavit or affidavits filed or sworn testimony and further may examine under oath the affiant and any witnesses the affiant may produce. The court shall impose the least restrictive of the following conditions that will reasonably assure that the accused will be present for later hearings, will not significantly interfere with the administration of justice and not pose a substantial danger to others or the community or, if no single condition gives that assurance, any combination of the following conditions:

(1) Place the accused in the custody of a designated person or organization agreeing to supervise the accused;

(2) Place restrictions on the travel, association, or place of abode of the accused during the period of release;

(3) Require the execution of an unsecured bond in a specified amount;

(4) Require the execution of a bond in a specified amount and the deposit in the registry of the court in cash or other security as directed, of a sum not to exceed 10 percent of the amount of the bond, such deposit to be returned upon the performance of the conditions of release or forfeited for violation of any condition of release,

*175*

UNITED STATES DISTRICT COURT — WESTERN DISTRICT OF WASHINGTON — SEATTLE

Leon Sabra Blatt
c/o 4449 Interlake Ave #153
Seattle, Washington
non domestic 98103

*Sent to Fed Ct Friday 7/12/02*

99 FEB 12 PH 3:01
CITY OF SEATTLE
CITY CLERK

Leon Sabra Blatt,

       Plaintiff,

    vs.

CITY OF SEATTLE (a municipal corporation),

JUDITH HIGHTOWER (officially and as a person),

ELSIE DURHAM (officially and as a person),

JEAN RIETSCHEL (officially and as a person),

ROBERT MURASHIGE (officially and as a person),

MICHELLE SLOTEMAKER (officially and as a person),

JANE/JOHN DOE #1 (officially and as a person),

JOHN DOE #2 (officially and as a person),
      Defendants.

Halpert
Borrer
Rains

)
)
)
)
)
Case No.
)
)
)
CIVIL RIGHTS COMPLAINT
)
)
42 USC 1983, 1985, 1986, 1988
)
28 USC 1343(3), 1331
)
)
SEE RELATED CASE: Purported Seattle
)
Municipal Court cause number 347585
)

LODGED / RECEIVED / FILED   | MAIL |

**JUL 20 2002**

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY          DEPUTY

* = The other defendants and the SMC records section decline to disclose identity of Jane/John Doe #1 despite this plaintiffs requests

1

## INTRODUCTORY STATEMENT

This is an action for damages sustained by the plaintiff and caused by persons, state actors and state officials acting independently and in concert, both jointly and severally in multiple causes of actions, as they operated under color of law with malice in Law and were violative of the Plaintiff's substantive inalienable rights as enumerated in the Bill of Rights articles 4,5,6,9, 13,14, amendments to the Constitution for the united States of America.

The herein described persons/defendants have been compensated, rewarded and unjustly enriched while engaged in violations of state laws, federal laws, federal. Civil Rights Acts and their Oaths of office The defendants operating under color of state law as a matter of custom and policy, acting in concert, did commit multiple wanton acts either actual or by omission upon the plaintiff. Said deliberate, malicious and unreasonable acts, which are shocking to the conscience of any reasonable person, are perpetrated/committed upon the plaintiff without probable cause, without warrants, without exigent circumstances and they include the following vexatious acts: religious persecution, criminal trespass; kidnapping; unlawful distraint; unlawful and forceful search; unlawful seizure; unlawful imprisonment; malicious prosecution; deprivation of due process; deprivation of liberty; deprivation of private property; deprivation of privacy, involuntary servitude; state torts over which this court has pendant jurisdiciton.

Said actual willful, voluntary and knowingly committed crimes against the plaintiff/victim are causing intentional damages consisting of financial loss, physiological and psychological injuries and mental anguish, pain and suffering, loss of friends, family, spousal companionship, loss of sense of welfare, defamation of plaintiffs' honorable character and good reputation and standing in the community.

The persons/defendants knew or should have known they were violating their oaths of office, acting outside the scope and purview

2

1   of clearly established Law, with wanton deprivation and disregard of
2   the plaintiff's rights of liberty, welfare, right of property, and the
3   peaceful enjoyments of its use. The defendants knew or should have
    known that their wanton acts and omissions would cause damages of a
4   great magnitude to the plaintiff/victim. The defendants have caused
5   the Plaintiff to suffer and the plaintiff continues to suffer.

6                              **STATEMENT OF FACTS**

7

8       1. On or about December 12, 1998, defendant _Jane/John Doe #1_
    unlawfully and violently stalked the plaintiff by ordering the court
9   clerk of the Seattle Municipal Court, defendant _"SLE" according to docket_
10  to cause to be issued a capias falsely purporting to be a valid bench
    warrant for the capture of the plaintiff herein  The two defendants
11  knew or should have known that a valid capias could not issue unless
12  "the defendant has promised in writing to appear" or "has otherwise
13  received notice to appear" as clearly spelled out in rule CrRLJ 2 5,
    and that the plaintiff herein neither promised nor received notice to
14  appear anywhere.

15      2.  On January 1, 1999, the plaintiff herein was violently
16  kidnapped under the fraudulent capias. He was abducted from his car
    and put in chains at his wrists and humiliated in public. He was
17  locked in a cage and denied sleep for nearly 24 hours.

18      3. On or about January 4, 1999, the plaintiff herein was taken by
19  force before judge Judith Hightower. He timely noticed defendant
    Hightower of the violation of CrRLJ 2.5 and informed her that willful
20  denial of due process would give rise to this lawsuit. The plaintiff
21  herein demanded to be discharged. Defendant Hightower elected to
    ignore notice and proceed without jurisdiction.
22
        4  Defendant assistant prosecutor _Robert Murashige_    conspired
23  with defendant Hightower to deny due process rights to the Plaintiff
24  herein by proceeding in a criminal prosecution without providing the
    alleged accused with a criminal complaint and keeping from him
25  information on the nature and cause of action. Hightower ignored the
    accused's clear, direct and repeated demands for basic information on

                                    3

1 the nature and cause of action of the ostensible action against him.

2 Ignored/denied were the accused's request that the prosecutor disclose the type of jurisdiction under which the purported action had been

3 brought. Ignored/denied were the accused's demand to be allowed

4 meaningful access to law library material *so* that he may educate *himself* on the said nature and cause. Violation of CrRLJ 3 2.1 (e)(i)(i)· "shall orally

5 inform the accused of the nature..." L.S.B.

5. Plaintiff was held hostage on a $500.00 ransom demand for 24

6 days. During this time he sent multiple notes to his captors and to

7 the Seattle Municipal Court requesting law library materials. ~~Please~~

8 ~~see attached copies of those communications, marked as Exhibit A.~~

6. On January ~~25, 1999~~. defendants judge Elsie Durham and

9 assistant prosecutor Michelle Slotemaker were noticed by the plaintiff

10 herein of the courts' violation of CrRLJ 2.5, latches and that due process requirements precluded the prosecutor from proceeding against

11 the accused. They knew or should have known that they were violating

12 clearly established law Defendant Durham falsely appointed a public defender to speak for the plaintiff herein against his expressed objections. She also refused to disclose nature of action.

13 On February 12, 1999, defendant judge Jean Rietschel

14 joined the above-listed defendants in this action by the following

acts: 1. Refused this plaintiffs' request to be allowed to enter a plea, (demurrer);

15 speak as himself without representation; to accept receipt for filing into

16 the court record a copy of this complaint with affidavit and written plea. This despite defendant Hightower's directive to put all communications in writing. 2. Proceeded in

17 absence of jurisdiction. ~~8. On~~ ____ ~~1999, defendant prosecutor~~ ____

18 ~~joined the above-listed defendants in this action by the following~~

19 ~~acts:~~ ____ APPLICABLE TIME

20 NOT APPLICABLE AT THIS

21 8. ~~On or about July 18, 1999~~ another unknown ~~SMC judge issued a caplas in violation of CrR 2.5, resulting~~ ~~in this plaintiffs arrest and false imprisonment on or about July 19, 1999 (the next day)~~

9. Plaintiff was deprived of substantive constitutionally

22 protected and inalienable rights (i e amendments 4, 5, 6, 13 and 14

23 to the constitution for the united States of America).

24 10. Plaintiff has been damaged and injured by the defendants.

11. Defendants have violated their oaths of office

25 12 Defendants have violated the federal and state constitutions

and the provisions of their job descriptions.

4

## FEDERAL CAUSES OF ACTION

1. Leon Blatt was searched in violation of the fourth article of amendment.

2. Leon Blatt was seized in violation of the fourth article.

3. Leon Blatt was seized in violation of the fifth article.

4. Leon Blatt was imprisoned in violation of the fifth article.

5. Leon Blatt was forced under a condition of peonage for failing to surrender a right in exchange for a privilege in violation of the thirteenth. (Right to travel in an automobile for privilege of operating a motor vehicle)

6. Leon Blatt was imprisoned in violation of the fourteenth.

7. Leon Blatt was denied knowledge of nature of action against him in violation of the sixth, and 14th.

8. Leon Blatt's property was searched in violation of the fourth.

9. Leon Blatt's property was seized in violation of the fourth.

10. Leon Blatt's property was searched in violation of the fourteenth, and fourth.
All of the above through the fourteenth.

## CONCLUSION

The Plaintiff/victim is entitled to a reasonable expectation that he has the right to enjoy his privacy, to own private property, to travel freely as long as he doesn't hurt another or deprive another of rights or property, to the pursuit of happiness, and the blessings of liberty, that his person and private property be secure from unlawful search and seizure, that he has the right of welfare, and self-determination, that he has the right to receive due process, and equal protection of the law. The Plaintiff/victim is owed monetary and other relief for the damages and suffering caused by the defendants

[prayer]: I demand the following: monetary damages, Attorneys fees, declaratory judgment against all defendants ordering equitable relief in the form of a permanent injunction to abate and desist quasi-judicial and de facto actions and proceedings against the

5

Plaintiff that would cause deprivation of substantive rights causing irreparable harm.

## LEDGER SETTING FORTH MONETARY DAMAGES

The acts of the defendants were criminal in nature and were committed with aggravated circumstances due to their holding of the public trust and in violation of their official oaths. 18 USC 241 prescribes criminal monetary penalties for acts committed in concert with those of other defendants, as these acts were. The statute values such violations at $10,000 per count per actor. The plaintiff/claimant herein was confined unlawfully for 24 days, suffering damages in the amount of $1,440,000.00,

The undersigned certifies under the penalty of perjury that the forgoing is true, correct, certain, not misleading, and is materially relevant, in Seattle    Dated this 12th day of February, 1999

7/11/02   Leon A. Brott   Leon A. Brott

6

| WHERE A BAIL AMOUNT IS SHOWN, THE BREAKDOWN IS: | | BAIL | 60% PSEA | 30% PSEA | TOTAL |
|---|---|---|---|---|---|
| 480–12–205 | Unauthorized Passenger in Vehicle | 25 | 15 | 7 | 47 |
| 480–12–210 | Failure to Display Commission Approved Lease | 50 | 30 | 15 | 95 |
| 480–12–260 | Failure to Display Bill of Lading/Shipping Document | 50 | 30 | 15 | 95 |
| 480–12–321 | Failure to File Log Road Classification | 50 | 30 | 15 | 95 |
| 81.90.030 | Certificate Required (Mandatory Appearance) | | | | 500 |
| 81.90.140 | Failure to Register Interstate Authority | 80 | 48 | 24 | 152 |
| 480–35–110 | | | | | |
| 480–35–120 | Failure to Display Valid Identification Decal | 50 | 30 | 15 | 95 |

[Amended effective November 17, 1989; September 1, 1991; September 1, 1992; June 25, 1993; May 1, 1994; September 1, 1994.]

## RULE 3.2.1  PROCEEDINGS BEFORE THE JUDGE—PROCEDURE FOLLOWING EXECUTION OF A WARRANT, OR ARREST WITHOUT A WARRANT—PROBABLE CAUSE FOR DETERMINATION—BAIL—PRELIMINARY HEARING

**(a) Probable Cause Determination.** A person who is arrested shall have a judicial determination of probable cause no later than 48 hours following the person's arrest, unless probable cause has been determined prior to such arrest.

**(b) How Determined.** The court shall determine probable cause on the sworn testimony of a peace officer or prosecuting authority. The sworn testimony may be by written affidavit or may be electronically or telephonically recorded, and in any case the testimony shall be preserved.

**(c) Court Days.** For the purpose of section (a), Saturday, Sunday and holidays may be considered judicial days.

**(d) Preliminary Appearance.**

(1) *Adult.* Unless an accused has appeared or will appear before the superior court for a preliminary appearance, any accused detained in jail must be brought before a court of limited jurisdiction as soon as practicable after the detention is commenced, but in any event before the close of business on the next court day.

(2) *Juveniles* Unless an accused has appeared or will appear before the superior court for a preliminary appearance, any accused in whose case the juvenile court has entered a written order declining jurisdiction and who is detained in custody, must be brought before a court of limited jurisdiction as soon as practicable after the juvenile court order is entered, but in any event before the close of business on the next court day

(3) *Unavailability* If an accused is unavailable for

disability, the court may, for good cause shown and recorded by the court, enlarge the time prior to preliminary appearance.

**(e) Procedure at Preliminary Appearance.**

(1) At the preliminary appearance, the court shall provide for a lawyer pursuant to rule 3.1 and for pretrial release pursuant to rule 3.2, and the court shall orally inform the accused:

(i) of the nature of the charge against the accused;

(ii) of the right to be assisted by a lawyer at every stage of the proceedings; and

(iii) of the right to remain silent, and that anything the accused says may be used against him or her.

(2) If the court finds that release should be denied or that conditions should attach to release on personal recognizance, other than the promise to appear in court at subsequent hearings, the court shall proceed to determine whether probable cause exists to believe that the accused committed the offense charged, unless this determination has previously been made by a court. Before making the determination, the court may consider affidavits filed or sworn testimony and further may examine under oath the affiant and any witnesses he or she may produce. Subject to constitutional limitations, the finding of probable cause may be based on evidence which is hearsay in whole or in part.

**(f) Time Limits.**

(1) Unless a written complaint is filed or the accused consents in writing or on the record in open court, an accused, following a preliminary appearance, shall not be detained in jail or subjected to conditions of release for more than 72 hours after the accused's detention in jail or release on conditions, whichever occurs first. Computation of the 72-hour period shall not include any part of Saturdays, Sundays, or holi-

## RULE 2.5  PROCEDURE ON FAILURE TO OBEY CITATION AND NOTICE

The court may order the issuance of a bench warrant for the arrest of any defendant who has failed to ppear before the court, either in person or by a awyer, in answer to a citation and notice, or an order f the court, upon which the defendant has promised therwise received notice to appear, if the sentence for he offense charged may include confinement in jail. Amended effective September 1, 1991.]

## DEFENDANTS

### (c) Explaining the Availability of a Lawyer.

(1) When a person has been arrested he or she hall as soon as practicable be advised of the right to a awyer. Such advice shall be made in words easily inderstood, and it shall be stated expressly that a person who is unable to pay a lawyer is entitled to have one provided without charge.

(2) At the earliest opportunity a person in custody who desires a lawyer shall be provided access to a telephone, the telephone number of the public defender or official responsible for assigning a lawyer, and any other means necessary to place him or her in communication with a lawyer.

(a) Release in Noncapital Cases. Any person, other than a person charged with a capital offense, shall at the preliminary appearance or reappearance pursuant to rule 3.2.1 be ordered released on the accused's personal recognizance pending trial unless the court determines that such recognizance will not reasonably assure the accused's appearance, when required, or if there is shown a likely danger that the accused will commit a violent crime, or that the accused will seek to intimidate witnesses, or otherwise unlawfully interfere with the administration of justice. For the purpose of this rule, "violent crimes" may include misdemeanors and gross misdemeanors and are not limited to crimes defined as violent offenses in RCW 9.94A.030. If the court finds that release without bail should be denied or that conditions should attach to the release on personal recognizance, other than the promise to appear for trial, the court shall proceed to determine whether probable cause exists to believe that the accused committed the offense charged, unless this determination has previously been made by a court. Before making the determination, the court may consider any affidavit or affidavits filed or sworn testimony and further may examine under oath the affiant and any witnesses the affiant may produce. The court shall impose the least restrictive of the following conditions that will reasonably assure that the accused will be present for later hearings, will not significantly interfere with the administration of justice and not pose a substantial danger to others or the community or, if no single condition gives that assurance, any combination of the following conditions:

(1) Place the accused in the custody of a designated person or organization agreeing to supervise the accused;

(2) Place restrictions on the travel, association, or place of abode of the accused during the period of release;

(3) Require the execution of an unsecured bond in a specified amount;

(4) Require the execution of a bond in a specified amount and the deposit in the registry of the court in cash or other security as directed, of a sum not to exceed 10 percent of the amount of the bond, such deposit to be returned upon the performance of the conditions of release or forfeited for violation of any condition of release;